■ In the Matter of PHILIP SHARPE, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [764 NYS2d 221] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting refusal to obey a direct order and smuggling. In the misbehavior report, a nurse employed in the facility's infirmary related that she had directed petitioner to swallow three tablets containing prescription pain medication. Upon her subsequent inspection of petitioner's mouth, the nurse discovered that petitioner had not swallowed the medication but had secreted all three tablets inside his lower lip. After spitting the pills out, petitioner explained that he had

intended to delay swallowing them until after dinner in order to minimize their impact on his digestion.

Substantial evidence of the charged misconduct was presented in the form of the misbehavior report and the testimony of the nurse who authored it after witnessing petitioner's conduct (*see Matter of Rivera v McGinnis*, 290 AD2d 800 [2002], *lv denied* 98 NY2d 601 [2002]; *Matter of Collazo v Senkowski*, 282 AD2d 851, 852 [2001]). Additional evidence was provided by petitioner's testimony wherein he conceded that he "agreed with everything" in the misbehavior report, but explained that as a recovering alcoholic, he is opposed to taking potentially addictive medications, particularly the medication in question which upsets his stomach. This explanation was insufficient to mitigate petitioner's guilt of the charge of refusing a direct order as inmates are not free to select which orders they will obey (*see Matter of Filsaime v Sabourin*, 288 AD2d 516, 517 [2001]). The remaining issues raised by petitioner have been examined and found to be either without merit or unpreserved for our review.

Crew III, J.P., Peters, Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.